**Don C. WILEY, Sr., Defendant below, Appellant,**

**v.**

**Lammot duPont COPELAND, Jr., Plaintiff below, Appellee.**

Supreme Court of Delaware.

Submitted June 20, 1975.

Decided Aug. 18, 1975.

William E. Taylor, Jr., Wilmington, for defendant below, appellant.

Richard G. Elliott, Jr., of Richards, Layton & Finger, Wilmington, for plaintiff below, appellee.

Before McNEILLY, J., and WRIGHT and TAYLOR, Judges.

PER CURIAM:

Lammot duPont Copeland, Jr. (Copeland) filed suit in the Court of Chancery against Don C. Wiley, Sr. (Wiley), Jane C. Wiley, Pleasure Petroleum Corp., a Louisiana Corporation, and Fluid Power Pump Co. (Fluid), a Delaware Corporation. Jurisdiction over Wiley was obtained by means of an Order of Sequestration under which Wiley's shares of Fluid stock were sequestered. Wiley filed a motion to quash the Order on the ground that the statute authorizing sequestration violates the due process clause of the Fourteenth Amendment and Article 1, Section 7 of the Delaware Constitution in that it permits summary seizure of property without no-

tice and hearing (no issue is raised concerning Copeland's compliance with 10 Del.C. § 366 and Chancery Court Rule 4(b)). The Chancellor denied the motion concluding that the statute was constitutional. We agree for the reasons stated in the Court's unreported letter opinion dated September 6, 1974.[1] See *Gordon v. Michel,* Del.Ch., 297 A.2d 420 (1972); *U. S. Industries, Inc. v. Gregg,* 348 F.Supp. 1004 (D.C.Del. 1972); *U. S. Industries, Inc. v. Gregg,* 58 F.R.D. 469 (D.C.Del.1973); *U. S. Industries, Inc., et al. v. Gregg,* Memorandum Opinion and Order dated April 24, 1975 (D.C.Del.C.A. § 4431); *Heitner v. The Greyhound Corporation, et al.,* unpublished opinion dated May 12, 1975 (Del.Ch.C.A. § 4514).

Affirmed.

---

[1]. The Chancellor's letter opinion reads as follows:

The defendant Don C. Wiley, Sr. has filed a motion to quash and vacate the sequestration order on the grounds that such order constitutes a denial of due process in violation of the Fifth and Fourteenth Amendments to the United States Constitution and Article I, Section 7 of the Delaware Constitution. The motion has been briefed. Argument was waived.

The defendant has cited no United States Supreme Court case on the key point that was not before Chancellor Duffy in *Gordon v. Michael,* Del.Ch., 297 A.2d 420 (1972). Earlier this year, in a letter opinion dated March 5, 1974, in the case of *Science Accessories Corporation v. American Research and Development,* Civil Action No. 4324, I indicated that this was not the appropriate time to assume the United States Supreme Court will extend further the application of *Fuentes v. Shevin,* 407 U.S. 67, 92 S.Ct. 1983, 32 L.Ed.2d 556 (1972) and I noted hints to the contrary at 42 *Law Week* 1086, 3345. I adhere to that position especially in light of *Mitchell v. W. T. Grant Co.,* 94 S.Ct. 1895, 416 U.S. 600, 40 L.Ed.2d 406 (1974).

In short, in light of the language used in the *Gordon* case, there appears to be no material difference of law and fact between this case and the *Gordon* opinion. I see no basis for departing from a recent opinion of this Court and, to the contrary, feel bound by it. Nothing has been brought to my attention in the reply brief which suggests why this Court should now reach a different result than that reached by Chancellor Duffy in the *Gordon* case. And see *Hibou, Inc. v. Thor H. Ramsing, et al.,* Del.Super., 324 A.2d 777 (1974).

Reliance has also been placed by the defendant Wiley on Article I, Section 7 of the Delaware Constitution. Even assuming that constitutional provision has application in other than criminal cases, there appears to be no reason why its effect insofar as the sequestration statute is concerned should be broader than the federal constitutional limitations.

Accordingly, the motion of the defendant to quash and vacate the sequestration order is denied. It is so ordered.